**RECORD NO. 14-4056**

In The

# United States Court Of Appeals
## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## RODNEY FRANCES SMITH,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT RALEIGH**

––––––––––––––––––

**BRIEF OF APPELLANT**

––––––––––––––––––

Sean P. Vitrano
VITRANO LAW OFFICES, PLLC
P.O. Box 1498
Wake Forest, NC 27588
(919) 263-2003

*Counsel for Appellant*

# <u>TABLE OF CONTENTS</u>

<u>PAGE:</u>

TABLE OF AUTHORITIES ............................................................................ iii

STATEMENT OF SUBJECT MATTER
  AND APPELLATE JURISDICTION ...................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ....................................1

STATEMENT OF THE CASE..........................................................................1

     Statement of Facts.............................................................................2

SUMMARY OF ARGUMENT .........................................................................5

ARGUMENT ...............................................................................................6

    I.    THE DISTRICT COURT ERRED IN APPLYING THE ACCA
        ENHANCEMENT BASED ON ITS FINDING THAT SMITH
        HAD TWO PRIOR VIOLENT FELONY CONVICTIONS
        FOR CARJACKING COMMITTED ON OCCASIONS
        DIFFERENT FROM ONE ANOTHER................................................6

        A.    Standard of Review...................................................6

        B.    Discussion ...........................................................6

    II.    THE FIFTH AND SIXTH AMENDMENTS PROHIBIT A
        JUDGE FROM INCREASING A STATUTORY MAXIMUM
        SENTENCE WHEN THE FACTS NECESSARY TO
        INCREASE THE STATUTORY MAXIMUM ARE NEITHER
        ALLEGED IN THE INDICTMENT NOR SUBMITTED TO
        THE JURY .......................................................................9

        A.    Standard of Review...................................................9

        B.    Discussion ...........................................................10

CONCLUSION ......................................................................................................15

REQUEST FOR ORAL ARGUMENT .................................................................15

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**PAGE(S):**

**CASES:**

*Alleyne v. United States,*
    133 S. Ct. 2151 (2013)...................................................................... 5-6, 13, 14

*Almendarez-Torres v. United States,*
    523 U.S. 224 (1998)............................................................................*passim*

*Apprendi v. New Jersey,*
    530 U.S. 466 (2000)...............................................................10, 11, 12, 13

*Downing v. United States,*
    929 A.2d 848 (D.C. 2007) ..........................................................................8

*Harris v. United States,*
    536 U.S. 545 (2002)...................................................................................13

*In re Winship,*
    397 U.S. 358 (1970)...................................................................................11

*Rangel-Reyes v. United States,*
    126 S. Ct. 2873 (2006)..............................................................................14

*Ring v. Arizona,*
    536 U.S. 584 (2002)............................................................................12, 13

*Shepard v. United States,*
    544 U.S. 13 (2005)..........................................................................*passim*

*United States v. Carr,*
    592 F.3d 636 (4th Cir. 2010) ......................................................................7

*United States v. Farrior,*
    535 F.3d 210 (4th Cir. 2008) ..................................................................6, 9

*United States v. Fuller,*
    453 F.3d 274 (5th Cir. 2006) ......................................................................9

*United States v. Hudspeth*,
    42 F.3d 1015 (7th Cir. 1994) ...........................................................7

*United States v. Letterlough*,
    63 F.3d 332 (4th Cir. 1995) ........................................................ 6-7

*United States v. McDowell*,
    -- F.3d --, 2014 WL 960256 (4th Cir. Mar. 11, 2014)...........................7, 14

## STATUTES:

8 U.S.C. § 1326(b)(2)...........................................................................10

18 U.S.C. § 2 .........................................................................................2

18 U.S.C. § 371 .....................................................................................1

18 U.S.C. § 922(a)(6) ............................................................................2

18 U.S.C. § 922(g) .................................................................................6

18 U.S.C. § 922(g)(1)..........................................................................2, 3

18 U.S.C. § 924....................................................................................2, 3

18 U.S.C. § 924(e) ("Armed Career Criminal Act") ...................1, 2, 3, 6

18 U.S.C. § 924(e)(1).............................................................................6

18 U.S.C. § 3231 ...................................................................................1

18 U.S.C. § 3742 ...................................................................................1

28 U.S.C. § 1291 ...................................................................................1

D.C. Code § 22-2803 .............................................................................5

D.C. Code § 22-2803(a) .........................................................................4

D.C. Code § 22-2803(b)..........................................................................3

## **CONSTITUTIONAL PROVISIONS:**

U.S. Const. amend. V ........................................................................*passim*

U.S. Const. amend. VI .......................................................................*passim*

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

The United States District Court for the Eastern District of North Carolina had original jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231. It entered a final judgment of conviction on August 28, 2013. Rodney Frances Smith filed a notice of appeal on January 3, 2014. JA 70, 72. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.      Did the district court err in imposing a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act?

2.      Did the district court violate Smith's Fifth Amendment right to be subject to a maximum punishment based solely on facts charged in an indictment and his Sixth Amendment right to jury trial by increasing the statutory maximum from ten years to life imprisonment under the Armed Career Criminal Act based on facts never charged in the indictment or admitted by Smith, and decided by a judge at sentencing by a preponderance of the evidence?

## STATEMENT OF THE CASE

Smith was charged in a four-count indictment with conspiring to make false statements to a federally licensed firearms dealer in connection with the purchase of three handguns, in violation of 18 U.S.C. § 371; two counts of making false statements on Department of Justice, Bureau of Alcohol, Tobacco, and Firearms

Forms 4473, in violation of 18 U.S.C. §§ 922(a)(6), 924, and 2; and possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924. JA 12. On February 6, 2013, pursuant to a written plea agreement, he pled guilty to the felon-in-possession charge. At sentencing, the district court determined him to be an armed career criminal under 18 U.S.C. § 924(e) and imposed a 180-month term of incarceration. JA 64. Smith appeals his sentence.

### Statement of Facts

On May 7, 2012, police seized a handgun in connection with the arrest of Reginald Lawrence Tolson in Washington, D.C. JA 79. They traced the gun to Carolina Firearms Sports, a federally licensed dealer in Fayetteville, North Carolina and identified its owner, Charlette Nicole Smith. *Id.* Charlette Smith told police that she had purchased three guns from Carolina Firearms Sports, on April 18 and 26, 2012, on behalf of her cousin, Rodney Frances Smith, a convicted felon. *Id.* She claimed that Rodney Smith had selected the guns, deposited money in her checking account, and instructed her to report the guns as stolen. *Id.* She falsely reported on BATFE Forms 4473 that she was the actual buyer of the firearms. *Id.* On January 15, 2013, she pled guilty to one count of making a false statement on a firearms application in violation of 18 U.S.C. §§ 922(a)(6) and 924. *Id.*

Rodney Smith later pled guilty to unlawfully possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. *Id.* The probation officer determined that Smith was previously convicted in the Superior Court of the District of Columbia in 2003 of unlawful distribution of cocaine and in 2006 of two counts of carjacking. JA 81-83. Accordingly, the probation officer reported that Smith was an armed career criminal subject to a fifteen-year mandatory minimum sentence under 18 U.S.C. § 924(e). JA 83, 86.

Smith objected to his classification as an armed career criminal on grounds that his prior carjacking offenses were consolidated and that the offenses were not committed on occasions different from one another. JA 89. At sentencing, he argued that he and a co-defendant robbed a Shell gas station and that each of them carjacked a different victim at that location. JA 44-45, 50-52.

In an attempt to separate the offenses, the Government introduced certified copies of an indictment, an information, and the judgment of the D.C. Superior Court. JA 56-59. The indictment contained thirteen counts, labeled B through N. JA 59, 60-63. The first and fifth counts (Counts B and F) charged Smith with carjacking while armed, in violation of 22 D.C. Code § 2803(b). JA 60, 61. Count B alleged that on or about November 18, 2003, Smith, "while armed with a firearm . . . by force and violence, against resistance or by sudden and stealthy seizure, or by putting in fear, stole and took, or attempted to steal and take, a motor

3

vehicle from the person and from the immediate actual possession of Kirk Little, Jr." JA 60. Count F alleged that on or about November 18, 2003, Smith engaged in the same conduct with respect to victim Fred Cooper. JA 61.

The information added five additional counts, labeled O through S. JA 57-58. Count Q alleged that on or about November 16, 2003, Smith committed the offense of carjacking in violation of 22 D.C. Code § 2803(a), "by force and violence, against resistance or by sudden and stealthy seizure, or by putting in fear, stole and took, or attempted to steal and take, a motor vehicle from the person and from the immediate actual possession of Dwayne Cox." JA 57. Count R alleged that Smith committed the same offense -- carjacking -- against victim Kirk Little on or about November 18, 2003. *Id.*

The judgment stated that on May 9, 2006, Smith pled guilty to Counts O-S of the information. JA 56. It identified the date of the offense for Count Q as November 18, 2003, rather than the date charged in the information. *Id.*

The district court relied upon the judgment and information and determined that the carjackings in Counts Q and R occurred on separate days and involved two different victims. JA 48, 53. Accordingly, the court determined Smith to be an armed career criminal subject to a mandatory minimum sentence of 180 months. *Id.* It sentenced Smith to a term of 180 months. JA 53, 64-65.

## SUMMARY OF ARGUMENT

In response to Smith's objection to his classification in the presentence report as an armed career criminal, the Government produced certified copies of a judgment documenting Smith's conviction of two carjacking offenses in 2003. The judgment identified those offenses as having occurred on the same date. The information corresponding to the offenses stated that the offenses occurred two days apart. Under D.C. Code § 22-2803, Smith could have been convicted of two carjacking offenses involving different victims at the same time if his actions facilitated the taking of two vehicles at the same time. The district court therefore lacked sufficient evidence to determine under the preponderance standard that Smith committed two violent felonies "on occasions different from one another."

In addition, the Fifth and Sixth Amendments prohibit a court from imposing a sentence for any offense unless the facts constituting the elements of the offense are alleged in the indictment and either admitted by the defendant or submitted to a jury. This rule applies to facts that increase a sentence to a more aggravated version of an offense. In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court created a narrow exception to the rule to permit district courts to engage in judicial fact-finding regarding the fact of a defendant's prior conviction. But in a series of decisions since *Almendarez-Torres*, a majority of the Court has expressed its disapproval of the exception. Last year, in *Alleyne v.*

*United States*, 133 S. Ct. 2151 (2013), the Court held that the Fifth and Sixth Amendments apply to all facts that increase mandatory minimum sentences. No principled basis longer exists for excepting the fact of prior convictions that increase mandatory minimum sentences under the Armed Career Criminal Act, 18 U.S.C. § 924(e).

## ARGUMENT

I.   THE DISTRICT COURT ERRED IN APPLYING THE ACCA ENHANCEMENT BASED ON ITS FINDING THAT SMITH HAD TWO PRIOR VIOLENT FELONY CONVICTIONS FOR CARJACKING COMMITTED ON OCCASIONS DIFFERENT FROM ONE ANOTHER.

     A.    Standard of Review

This Court reviews the district court's factual findings for clear error and its legal conclusions underlying the application of the ACCA *de novo*. *United States v. Farrior*, 535 F.3d 210, 217 (4th Cir. 2008).

     B.    Discussion

The Armed Career Criminal Act subjects a defendant convicted under 18 U.S.C. § 922(g) to a minimum sentence of 15 years if he has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In determining whether offenses are committed on different occasions, rather than a single occasion, the district court must decide whether "each of the prior convictions arose out of a separate and distinct criminal episode." *United States v. Letterlough*,

6

63 F.3d 332, 335 (4th Cir. 1995) (quoting *United States v. Hudspeth*, 42 F.3d 1015, 1019 (7th Cir. 1994) (en banc) (internal punctuation marks omitted)). The court looks to several factors, including:

> (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) whether the defendant had the opportunity after committing the first-in-time offense to make a conscious and knowing decision to engage in the next-in-time offense.

*United States v. Carr*, 592 F.3d 636, 644 (4th Cir. 2010).

The Government bears the burden of establishing the separateness of the defendant's prior convictions by a preponderance of the evidence. *United States v. McDowell*, -- F.3d --, 2014 WL 960256, at *3 (4th Cir. Mar. 11, 2014). The district court cannot consider all evidence, but generally is limited to the following sources: 1) the ACCA itself; 2) the charging document; 3) the written plea agreement, transcript of the plea colloquy, or prior-offense judgment; and 4) any explicit finding by the trial court to which the defendant assented. *Shepard v. United States*, 544 U.S. 13, 16, 24-26 (2005).

At Smith's sentencing, the Government introduced only the judgment of the D.C. Superior Court and the charging documents -- an indictment and an information. JA 56-63. The judgment showed that Smith pled guilty to two carjacking offenses that occurred on a single day, November 18, 2003. JA 56. But

the information corresponding to those counts described the first carjacking as occurring on November 16, 2003 and involving victim Dwayne Cox.  JA 57.  It identified the second carjacking as occurring on November 18, 2003 and involving victim Kirk Little.  JA 57-58.

Smith and his attorney argued that the carjacking offenses in fact occurred on a single day.  Smith stated that he and a co-defendant robbed a Shell gas station and then took two vehicles belonging to two individuals at the gas station.  JA 44, 50-52.  The Government did not contradict Smith's statements using a *Shepard*-authorized source, such as the transcript of the guilty plea colloquy.  The court thus lacked information sufficient to reconcile the different dates in the information and judgment, or to determine that Smith's factual account was incorrect.  If, as Smith contended, the carjackings occurred in the context of a robbery of the gas station, he might have been convicted of two offenses arising from a single criminal episode.  For example, had Smith exited the station and ordered the customers outside on the ground, permitting himself to take one customer's car and his co-defendant to take another car, such action would have supported his conviction on two counts of carjacking. *See Downing v. United States*, 929 A.2d 848, 857-58 (D.C. 2007) (affirming conviction of armed carjacking where defendant agreed to rob a pedestrian with his co-defendants, watched for the victim at a bus stop, told one associate to give another a gun to commit the robbery, and helped put the

victim in the trunk of her car). More than one victim does not automatically make offenses sequential or discrete. *See, e.g., United States v. Fuller*, 453 F.3d 274 (5th Cir. 2006) (vacating defendant's sentence where he testified that he and his accomplice burglarized adjacent trailers simultaneously, Texas law recognized aider and abettor theory of criminal responsibility, and Government failed to introduce *Shepard*-approved evidence that defendant burgled the trailers sequentially).

Because of the discrepancy in dates in the information and judgment and the lack of specific details regarding the charged offenses, the district court lacked reliable information to conclude that the carjackings occurred on different occasions. Smith's sentence should therefore be vacated with respect to the ACCA enhancement.

II.     **THE FIFTH AND SIXTH AMENDMENTS PROHIBIT A JUDGE FROM INCREASING A STATUTORY MAXIMUM SENTENCE WHEN THE FACTS NECESSARY TO INCREASE THE STATUTORY MAXIMUM ARE NEITHER ALLEGED IN THE INDICTMENT NOR SUBMITTED TO THE JURY.**

A.     Standard of Review

This Court reviews the district court's factual findings for clear error and its legal conclusions underlying the application of the ACCA *de novo*. *United States v. Farrior*, 535 F.3d 210, 217 (4th Cir. 2008).

B.    Discussion

As this Court and others have recognized, there is great tension in the Supreme Court's recent due process and Sixth Amendment jurisprudence regarding the constitutionality of increasing a statutory maximum punishment based on judicial fact-finding of a prior conviction.  While recognizing the current law on this subject, Smith asks this Court to hold that the existence of prior convictions should be treated like all other facts that increase the penalty to which a defendant is exposed.

In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), a five-justice majority interpreted 8 U.S.C. § 1326(b)(2), the provision of the illegal reentry statute that increases the statutory maximum from 2 years to 20 years for an alien whose "deportation was subsequent to a conviction for commission of an aggravated felony."  It held that prior conviction of an aggravated felony was a sentencing factor, rather than an element of the offense.  523 U.S. at 235.  As such, the fact of the prior conviction is not entitled to constitutional protection and need not be charged in an indictment or found beyond a reasonable doubt by a jury.  *Id.* at 247.

Quickly the Court began to signal that *Almendarez-Torres* may have been wrongly decided.  *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The *Apprendi* majority stated that "it is arguable that *Almendarez-Torres* was incorrectly decided,

and that a logical application of our reasoning today should apply if the recidivist issue were contested." *Apprendi*, 530 U.S. at 489. It further described *Almendarez-Torres* as "at best an exceptional departure from the historic practice we have described." *Id.* at 487. The Court adopted Justice Scalia's dissent in *Almendarez-Torres*, explaining, "Since [*In re Winship*, 397 U.S. 358 (1970)], we have made clear beyond peradventure that *Winship's* due process and associated jury protections extend, to some degree, 'to determinations that [go] not to a defendant's guilt or innocence, but simply to the length of his sentence.'" *Id.* at 484 (quoting *Almendarez-Torres*, 523 U.S. at 251 (Scalia, J., dissenting)).

Justice Thomas, who was in the *Almendarez-Torres* majority, has since reconsidered his position. He explained in his *Apprendi* concurrence that if increased punishment is predicated on a particular fact, including the fact or a prior conviction, then the fact is an element of a different, aggravated offense and must be charged in the indictment and proven to a jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 501, 507-08 (Thomas, J., concurring). Justice Thomas saw no reasoned basis for distinguishing between recidivism as a fact that increases the maximum possible punishment and any other fact describing the conduct of an aggravated offense. *Id.* at 507. Indeed, in his concurrence, he surveyed numerous cases in which recidivism was determined to be an element of the crime and

11

remarked that *Apprendi* was merely a return to the "*status quo ante . . .* that reflected the original meaning of the Fifth and Sixth Amendments." *Id.* at 518.

Two years later, the Court again questioned *Almendarez-Torres.* In *Ring v. Arizona*, the Court held that capital defendants "are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment." 536 U.S. 584, 589 (2002); *see also id.* at 602 ("If a state makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact -- no matter how the State labels it -- must be found by a jury beyond a reasonable doubt."). Justice Scalia concurred, expressing concern that *Almendarez-Torres* was eroding a defendant's Sixth Amendment rights: "I believe that the fundamental meaning of the jury-trial guarantee of the Sixth Amendment is that all facts essential to imposition of the level of punishment that the defendant receives -- whether the statute calls them elements of the offense, sentencing factors, or Mary Jane -- must be found by the jury beyond a reasonable doubt." *Id.* at 610 (Scalia, J., concurring).

Three years later, in *Shepard v. United States*, 544 U.S. 13 (2005), a plurality of the Court held that judicial fact-finding about the nature of a conviction would violate *Apprendi*. Justice Thomas, in his concurrence, wrote that "*Almendarez-Torres . . .* has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that

*Almendarez-Torres* was wrongly decided." *Shepard*, 544 U.S. at 27 (Thomas, J., concurring). He further stated, "The parties do not request it here, but in an appropriate case, this Court should consider *Almendarez-Torres's* continuing viability. Innumerable criminal defendants have been unconstitutionally sentenced under the flawed rule of *Almendarez-Torres* . . . ." *Id.* at 28.

Last year, in *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), the Court overruled *Harris v. United States*, 536 U.S. 545 (2002), and held that any fact that increases a mandatory minimum sentence for an offense is an element and must be alleged in the indictment and submitted to a jury. Although the Court did not address the exception to the general rule carved out by *Almendarez-Torres* because the petitioner did not ask to reconsider that ruling, the Court held that "[i]t is indisputable that a fact triggering a mandatory minimum alters the prescribed range of sentences to which a criminal defendant is exposed." *Id.* at 2160 (relying on *Apprendi*, 530 U.S. at 490). "[A] fact that increases either end of the range produces a new penalty and constitutes an ingredient of the offense." *Id.*

The petitioners in *Apprendi, Shepard,* and *Alleyne* may not have asked the Court to revisit the ruling in *Almendarez-Torres*, but Smith is hopeful that the Court will do so soon. No principled basis exists to treat the fact of a prior conviction differently from the fact that a firearm was brandished or discharged, which were the sentencing factors at issue in *Alleyne*. *Apprendi, Ring, Shepard,*

and *Alleyne* cannot be reconciled with *Almendarez-Torres*.[1]  *See Rangel-Reyes v. United States*, 126 S. Ct. 2873, 2875 (2006) (Thomas, J., dissenting from denial of writ of certiorari) ("The Court's duty to resolve this matter is particularly compelling, because we are the *only* court authorized to do so. . . . And until we do so, countless criminal defendants will be denied the full protection afforded by the Fifth and Sixth Amendments, notwithstanding the agreement of a majority of the Court that this result is unconstitutional.  There is no good reason to allow such a state of affairs to persist.").

Here, Smith objected to a sentence in excess of the ten-year statutory maximum.  JA 44-45.  The district court overruled his objection to his criminal history and engaged in judicial fact-finding to determine that he had previously been convicted of three predicate offenses.  JA 48, 53.  The court increased the statutory maximum sentence to which he was exposed from a cap of ten years to a minimum of fifteen and a maximum of life.  The court imposed a sentence at the mandatory minimum.  JA 53.  That violated Smith's Fifth and Sixth Amendment rights.

---

[1]     This Court has recently acknowledged that "the Supreme Court's recent characterizations of the Sixth Amendment are difficult, if not impossible, to reconcile with *Almendarez-Torres's* lonely exception to Sixth Amendment protections."  *United States v. McDowell*, -- F.3d --, 2014 WL 960256, at *7 (4th Cir. Mar. 11, 2014) (upholding district court's application of ACCA based on defendant's 1971 New York conviction for second degree assault based on NCIC report).

## <u>CONCLUSION</u>

For the foregoing reasons, Smith respectfully requests that this Court vacate his 180-month sentence and remand his case to the district court for further proceedings.

Respectfully submitted,

*/s/ Sean P. Vitrano*
Sean P. Vitrano
Vitrano Law Offices, PLLC
P.O. Box 1498
Wake Forest, NC 27588-1498
(919) 263-2003
(919) 590-1910 facsimile
svitrano@vitranolawoffices.com

*Counsel for Appellant*

## <u>REQUEST FOR ORAL ARGUMENT</u>

Appellant respectfully requests oral argument pursuant to Rule 34(a)(2) so that the issues presented in his opening brief may be fully developed.  Oral argument will significantly aid this Court in evaluating the merits of this appeal.

*/s/ Sean P. Vitrano*
Sean P. Vitrano

*Counsel for Appellant*

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>3,363</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.


    */s/ Sean P. Vitrano*
    Sean P. Vitrano

Dated: April 23, 2014

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on April 23, 2014, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF System, which will send notice of such

filing to the following registered CM/ECF users:

Jennifer P. May-Parker
OFFICE OF THE
  UNITED STATES ATTORNEY
Federal Building
310 New Bern Avenue, Suite 800
Raleigh, NC  27601
(919) 856-4530

*Counsel for Appellee*

The necessary filing and service were performed in accordance with the

instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street
Suite 230
Richmond, VA  23219